UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 12-838 |
| v. | : | OPINION |
| RONALD OSHRIN, | : | |
| *Defendant.* | : | |

This matter comes before the Court on two *pro se* Petitions by Defendant Ronald Oshrin for compassionate release and a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. Nos. 45, 48]. For the reasons set forth herein, the Court will deny the Petitions.

**I.      Background**

On December 20, 2012, Ronald Oshrin entered into a written plea agreement with the Government dated December 10, 2012.[1] [Dkt. No. 24]. Mr. Oshrin plead guilty to a one count Information to knowingly producing child pornography in violation of 18 U.S.C. § 2251(a). [Dkt. No. 20]. Mr. Oshrin was sentenced on May 13, 2013 to 15 years' imprisonment and 10 years' supervised release, in addition to fines and restitution orders. [Dkt. No. 29].

Mr. Oshrin, who is 60 years of age and currently housed at Federal Correctional Center Fort Dix ("FCI Fort Dix"), seeks a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. No. 41]. The Petition requests that the Court reduce

---

[1] Oshrin was arrested on April 5, 2012 and charged in a one-count Criminal Complaint.

his sentence to time served and convert the time he would have served to an equivalent period of home confinement in the District of South Carolina.[2]

In his supplemental Petition, Oshrin seeks application of the "[Second] Chance Act's up-to-one-year entitlement to a halfway house/home confinement so that he can avail himself of court-ordered therapy and treatment." [Dkt. No. 48]

Mr. Oshrin contracted COVID-19 over four years ago and his full recovery has been plagued by challenges to his endurance. He has, however, availed himself to vaccine and attests that he is current with his booster shots. He identities, apart from these medical reasons, rehabilitative opportunities and the delay in his Unit Team at FCI Fort Dix in accomplishing his post incarceration placement plan as reasons supporting his Petitions.

In sum over the course of two Petitions, Mr. Oshrin argues that four factors combine to present "extraordinary and compelling" reasons for his early release from custody: (1) the recommendation of his Probation Officer in the District of South Carolina; (2) his medical conditions; (3) his accomplished rehabilitation efforts and opportunities; and (4) the Bureaus of Prisons treatment of his post incarceration plans under the Second Chance Act, 18 U.S.C. § 3642 (c)(1).

The record reflects that Mr. Oshrin sought and was denied administrative relief prior to filing the Petition. *See* Ex. A., Petition, at Dkt. No. 45.

## II. Legal Standard

---

[2] Mr. Oshrin's family has relocated to South Carolina and he intends to reside in that state at the conclusion of his custodial sentence. He argues that the United States Probation Office for the District of South Carolina supports his request. The Government challenges that statement and points to Mr. Oshrin's own motion in which he avers that the Probation Officer was excited for his family to reunite, however there is no written statement. [Dkt. No. 45, p.5]

"Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances." *United States v. Johnson*, No. CR 18-578-01, 2022 WL 901468, at *1 D.N.J. Mar. 28, 2022 (citing *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009)). Under 18 U.S.C. § 3582(c), as modified by the First Step Act, inmates may petition federal courts directly for compassionate release from custody. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021), cert. denied, ––– U.S. ––––, 142 S. Ct. 1446, 212 L.Ed. 2d 541 (2022). A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as

> provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is:

> (C) suffering from a serious physical or medical condition,
>
> (D) suffering from a serious functional or cognitive impairment, or
>
> (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include the age of the defendant, family circumstances, and other reasons. *Id.*

### III. Discussion

To grant Defendant's request for early release, the Court must first find that Defendant's circumstances are extraordinary and compelling. The Court will address Mr. Oshrin's arguments in turn. First, the Court will not countenance Mr. Oshrin's allegation that his Probation Officer supports early release, as that statement has been sufficiently challenged by the Government. The cases Mr. Oshrin relies on do not support his position.[3]

Second, Mr. Oshrin's medical circumstances do not qualify as extraordinary and compelling. Health or medical conditions present an extraordinary and compelling reason for reducing Defendant's sentence considering the COVID-19 pandemic. *See United States v. Hynes*, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020). Courts look to those conditions that the CDC has identified as "high-risk" factors to make this determination. *See, e.g., United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *4 (D.N.J. May 29, 2020).

Defendant argues that his reduced lung capacity and lack of endurance during exercise constitute sufficient vulnerabilities to establish extraordinary and compelling reasons for reducing his sentence. Defendant does not supply medical evidence of his condition and presents no evidence that he cannot adequately care for himself because of these conditions. In addition, he has previously contracted COVID-19 and sought and received a vaccine and is current with his booster shots. He also generally complains that of the continued threat of Covid-19.

---

[3] Mr. Oshrin mistakenly cites *United States v. Nelson*, 20 Crim. 353 (BMC) (VMS), 2022 WL 18636591, at *2 (E.D.N.Y. Jan. 13, 2022) and *United States v. Noel*, 18-cr-60 (PKC), 2021 WL 4033769, at *2 (E.D.N.Y. Sept. 3, 2021) as a basis for this Court to accept Probation's recommendation. As noted by the Government, both cases involve a defendant who was under active supervision and not in BOP custody.

Mr. Oshrin is 60 years of age and, according to the CDC, that factor "can make" an individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions, CDC*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated April May 11, 2023). Like many housed at Federal Corrections facilities, the Court assumes that the unvaccinated population remain vulnerable to the Covid-19 virus and new COVID-19 variants.

The Court finds that Mr. Oshrin has not identified extraordinary and compelling medical circumstances to warrant compassionate release. In addition, the COVID-19 pandemic does not currently present an extraordinary threat to Defendant or other inmates at FCI Fort Dix. While the COVID-19 virus infected a shocking number of inmates at certain BOP facilities, available information suggests that the situation has improved considerably. *See Fed. Bureau of Prisons, Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated April 24, 2024).

Moreover, a significant portion of the incarcerated population has been vaccinated, reducing the potential for widespread risk, and reducing the risk that Defendant will contract COVID-19. *See Ctrs. for Disease Control and Prevention, COVID-19: COVID-19 Vaccine Effectiveness*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated March 7, 2024).

The BOP's efforts to vaccinate inmates against COVID-19, including Mr. Oshrin, diminishes the threat of the virus. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma housed at FCI Fort Dix because "his access to the COVID-19

6

vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."). While Defendant may be at risk of contracting COVID-19, the improved conditions at all BOP facilities do not present extraordinary and compelling reasons for his early release. *See United States v. Del Rosario Martinez*, No. 19 CR5218-MMA, 2021 WL 956158, at *4 (S.D. Cal. Mar. 10, 2021) (finding no extraordinary or compelling reasons for early release for defendant with two high-risk health conditions because "[d]efendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent.").

Third, Mr. Oshrin's commendable rehabilitation efforts and successful participation in Bureau of Prison treatment programs do not justify early release. Mr. Oshrin has made productive use of his time in prison and maintained a record of good behavior. But as the Government points out, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" under federal statute. 28 U.S.C. § 994(t); *United States v. Garris*, No. CR 15-229, 2022 WL 102258, at *4 (D.N.J. Jan. 11, 2022) ("[A] defendant's rehabilitation may only 'contribute to extraordinary and compelling reasons.' " (quoting *United States v. McNair*, 481 F. Supp. 3d 362, 369–70 (D.N.J. 2020))). Thus, the Court cannot grant Mr. Oshrin's motion for compassionate release based solely on his rehabilitation and must consider his rehabilitation in conjunction with his other arguments for early release.

Fourth, the Bureau of Prison's treatment of Mr. Oshrin by failing to meet with him within the 18 months contemplated by the Second Chance Act, 18 U.S.C. § 3642 (c)(1), does not violate Mr. Oshrin's federal rights. "The Second Chance Act does not guarantee a one-year . . . placement, but 'only directs the Bureau of Prisons to consider placing an inmate in a [CCC] for up to the final twelve months of his or her sentence.'"

7

*Nelson v. Zickefoose*, No. CIV.A. 12-2269 NLH, 2013 WL 140049, at *6 (D.N.J. Jan. 9, 2013), (quoting *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009)).

Mr. Oshrin admits that he is being considered for a placement but has not received one yet. The statute obligates Mr. Oshrin's Unit Team to exercise its discretion in consideration of the resources of the facility contemplated, the nature and circumstances of his offense and his history and characteristics concomitant with any pertinent policy statement issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3621(b). Mr. Oshrin does not submit a basis to demonstrate that the Unit Team abused its discretion or has failed in its obligations. As a result, this is not a basis for relief.

To synthesize the above discussion, the Court finds Mr. Oshrin's rehabilitation efforts to be praiseworthy and compelling. But federal statutory law precludes the Court from granting compassionate release based only on this consideration. *See* 28 U.S.C. § 994(t). Mr. Oshrin's alternative arguments fail to present extraordinary and compelling reasons on their own and when coupled with his rehabilitation claims. At this juncture, the Court concludes that Mr. Oshrin has not presented extraordinary and compelling reasons for early release.

Moreover, even if Mr. Oshrin's arguments constituted extraordinary and compelling circumstances for compassionate release, "a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release." *United States v. Adams*, No. 3:00-CR-00697, 2020 WL 6063055, at *5 (D.N.J. Oct. 14, 2020) (citing *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020)).

In this case, the § 3553(a) factors weigh heavily against granting Mr. Oshrin's Petitions. First, the nature of Mr. Oshrin's conviction includes installing video cameras in a bathroom and a bedroom in his home to capture a large quantity of graphic videos and still photographs of child pornography. He also engaged in sexual contact with minors.

Mr. Oshrin does not have a prior criminal history and admits the impact that his conduct has had on the victims. He has participated in several treatment programs and expresses an interest in furthering his recovery. However, the seriousness of the offense and the need for deterrence weigh strongly against early release. *See* 18 U.S.C. §§ 3553(a)(2)(B)-(C).

Mr. Oshrin has an anticipated release date of January 15, 2025. On this record, further reducing Defendant's sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or deter criminal conduct. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding that a district court may deny compassionate release where granting a defendant's request would require a "substantial sentencing reduction" and conflict with § 3553(a) factors). Thus, the § 3553(a) factors confirm that Defendant is not entitled to early release.

Finally, Mr. Oshrin asks this Court to transfer him to home confinement. "The CARES ACT does not empower a district court to transfer an inmate to home confinement; rather that decision rests solely within the discretion of the BOP.") *United States v. Calabretta*, Crim. No. 12-131 (SRC), 2020 WL 6055441, at * 4 (D.N.J. Oct. 4, 2020).

**IV.  Conclusion**

For the reasons set forth herein, the Court will deny Mr. Oshrin's Petitions for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). An appropriate order will follow.

Dated: July 22, 2024

                                                s/ Joseph H. Rodriguez  
                                                Hon. Joseph H. Rodriguez, U.S.D.J.